10-4655-cv
Raw v. Bank of NY Mellon Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                   <u>Chief Judge</u>,
     PIERRE N. LEVAL,
     DEBRA ANN LIVINGSTON,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

David Raw,
     <u>Plaintiff-Appellant</u>,

     -v.-                           10-4655-cv

Bank of New York Mellon Corporation and Pershing LLC,
     <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:     Stephen J. Calvacca, Law Offices of Calvacca Moran, West Falmouth, Mass.

FOR DEFENDANTS-APPELLEES:     Howard J. Rubin (Jessica Golden Cortes and Jason Pruzansky, <u>on the brief</u>), Davis & Gilbert LLP, New York, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hurley, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Plaintiff-Appellant, David Raw, appeals from a judgment of the District Court dismissing his suit on the ground that the parties agreed to arbitrate.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**[1]** Plaintiff cannot avail himself of Section 922 of Dodd-Frank (codified at 18 U.S.C. § 1514A(e)) because he forfeited that argument when he failed to raise it in the District Court.  <u>Greene v. United States</u>, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."); <u>cf.</u> <u>United States v. Olano</u>, 507 U.S. 725, 733 (1993) (distinguishing between forfeiture -- "the failure to make the timely assertion of a right" -- and waiver -- "the intentional relinquishment or abandonment of a known right") (internal quotation marks omitted).

As Plaintiff emphasizes, Section 1514A(e) did not take effect until after briefing on the motion to dismiss concluded. However, the District Court did not issue its decision until October 21, 2010 -- nearly three months after Section 1514A(e) took effect; after the District Court's decision, Plaintiff did not move for reconsideration, which afforded him an additional 28 days after the District Court's decision to raise this argument, see Fed. R. Civ. P. 59(e); and after Plaintiff filed the notice of appeal, he did not seek relief under Rule 62.1 of the Federal Rules of Civil Procedure once he learned of Section 1514A(e). Accordingly, Plaintiff forfeited any argument regarding the implication of Section 1514A(e).

**[2]** As to the issues and arguments raised by Plaintiff below, we affirm for substantially the same reasons stated by the District Court's thorough opinion.

We have considered all of Plaintiff's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

3